# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ARA ASRATYAN,

Petitioner,

v.

Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General; Todd LYONS, Acting Director, Immigration and Customs Enforcement; Daniel A. BRIGHTMAN, Director, San Diego Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations; Jeremy CASEY, Warden, Imperial Regional Detention Center; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No.: 26cv0414 DMS JLB

**ORDER ON MOTION TO ENFORCE COURT ORDER**

On February 18, 2026, this Court issued an Order Granting Petition, directing Respondents to provide Petitioner with a bond hearing. Respondents complied with that Order, and Petitioner had a bond hearing before an immigration judge ("IJ") on February 25, 2026. At that hearing, the IJ placed the burden of proof on Petitioner, (Mot., Ex. C at 5, ECF No. 8-6), and ultimately denied bond based on danger to the community and flight

1

risk.  (*Id.* at 6-7.)

On March 4, 2026, the parties filed a Joint Status Report in which Petitioner argued his bond hearing was constitutionally deficient, therefore he was entitled to an order directing his immediate release or a bond hearing before this Court.  (ECF No. 7.) Subsequent to the filing of the Joint Status Report, Petitioner filed the present motion to enforce the Court's February 8, 2026 Order requesting the relief set out in the Joint Status Report.  Respondents oppose the motion.  They assert they complied with the Court's Order by providing Petitioner a bond hearing and Petitioner has failed to exhaust his administrative remedies.

Although the Court's intent was for Respondents to bear the burden of proof at Petitioner's bond hearing, that intent was not made clear in the Court's order.  In at least one other case before this Court, Respondents have agreed to provide the petitioner with a second bond hearing where the burden of proof is clearly placed on Respondents.  *See Cheng v. Otay Mesa Immigration Court*, Case No. 26cv0053 DMS (DDL), ECF No. 18. Although Respondents did not take that approach in this case, the Court finds that is the appropriate remedy here, as well.  Accordingly, the Court hereby orders Respondents to arrange an individualized bond hearing for Petitioner before an immigration judge on or before **June 17, 2026**, unless Petitioner requests a continuance.  At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond.  The parties shall file a Joint Status Report on or before **June 22, 2026**, confirming Petitioner received a bond hearing and setting out the results thereof.

**IT IS SO ORDERED**.

Dated:  June 3, 2026

Hon. Dana M. Sabraw
United States District Judge

2

26cv0414 DMS JLB

26cv0414 DMS JLB